IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Telnyx LLC, <br><br> Plaintiff, <br><br> v. <br><br> John Does 1-2, <br><br> Defendants. | No. 1:25-cv-01689 <br><br> Hon. Sunil R. Harjani |

**MEMORANDUM IN SUPPORT OF PLAINTIFF TELNYX LLC'S EX PARTE MOTION FOR LEAVE TO TAKE DISCOVERY PRIOR TO RULE 26(F) CONFERENCE**

Plaintiff Telnyx LLC ("Telnyx") brings this motion ex parte and on an expedited basis to seek targeted discovery from certain third parties who likely have information relevant to identifying the two John Doe defendants ("Defendants") named in this action, whose misconduct has caused significant damage to Telnyx. Expedited treatment for this motion is requested and warranted to facilitate the timely identification and service of each Defendant.

## BACKGROUND

Telnyx is a communications platform providing businesses with a broad suite of cloud-based, real-time communications services. Customers can register for accounts through Telnyx's website and purchase access to Telnyx's various offerings for a fee.

On February 6, 2024, Defendants, using false names, opened customer accounts with Telnyx. When opening their accounts, Defendants were required to agree to Telnyx's Terms and Conditions, which among other things prohibited the use of Telnyx's services to perpetrate "violations of law" or "malicious, deceptive or fraudulent behavior." On information and belief, Defendants enacted a fraudulent robocall scheme seeking to extort payments using false statements notwithstanding Telnyx's diligence in attempting to prevent such misconduct. Although Telnyx blocked Defendants' accounts less than 24 hours after they were opened, Defendants' actions have cause Telnyx to incur reputational harm and have prompted an FCC investigation related to the incident.

On February 18, 2025, Telnyx filed a Complaint against Defendants for breach of contract. Service has not yet been accomplished because Telnyx has not yet ascertained the identity of either Defendant. Telnyx seeks targeted discovery from the third parties who facilitated payment by Defendants for Telnyx's services. Each Defendant paid for the services it received from Telnyx using four Bitcoin "wallets." Bitcoin is a type of cryptocurrency, or digital asset, in which each

user possesses a unique wallet or account address. Telnyx has also identified that the Bitcoin wallet addresses are affiliated with four cryptocurrency exchanges: (i) Payward, Inc. d/b/a Kraken ("Kraken"); (ii) Block, Inc., which operates the Cash App platform ("Cash App"); (iii) Shakepay Inc. ("Shakepay"); and (iv) Coinbase Global, Inc. ("Coinbase"). Each exchange is affiliated with one wallet.

Each of these exchanges are required to collect and maintain "know your customer" information for their respective platforms. *See, e.g.,* 31 CFR Part 1022; Canadian Investment Regulatory Organization, *MSN-0069, Know-Your-Client (KYC) and Suitability*, available at https://www.ciro.ca/newsroom/publications/know-your-client-kyc-and-suitability. Their customers are typically required to supply certain types of personal information—such as their names, addresses, and other contact information—when they open accounts with these exchanges. Such information may include the verification of an identification document like a driver's license or passport for each customer. As such, the exchanges' know your customer information may lead to the discovery of Defendants' identities.

Retrieving this information likely poses little burden to the exchanges. And with this information, Telnyx will be in a far better position to identify and timely serve the Defendants within the time limits of Fed. R. Civ. P. 4(m) and prosecute this action without undue delay. As a result, Telnyx respectfully asks this Court to grant its motion for leave to serve narrow subpoenas to each of these third-party exchanges before the conference required by Federal Rule of Civil Procedure 26(f).

## ARGUMENT

Federal Rule of Civil Procedure 26(d) generally prohibits parties from seeking discovery before they have conferred in accordance with Rule 26(f), but courts may, for good cause, grant an exception. Courts "evaluate a motion for expedited discovery 'on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances.'" *Ibarra v. City of Chicago*, 816 F. Supp. 2d 541, 554 (N.D. Ill. 2011) (quoting *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor*, 194 F.R.D. 618, 624 (N.D. Ill. 2000)). Put differently, the movant must show "good cause." *Inventus Power, Inc. v. Shenzhen Ace Battery Co.*, No. 20-CV-3375, 2020 WL 3960451, at *14 (N.D. Ill. July 13, 2020).

"In applying the 'reasonableness' standard, factors courts may consider include (1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Ibarra v. City of Chicago*, 816 F. Supp. 2d 541, 554 (N.D. Ill. 2011).

Here, all relevant factors weigh in favor of the requested early discovery. The scope of Telnyx's proposed discovery is narrow, as Telnyx seeks only the customer information associated with a single Bitcoin wallet address for each third-party exchange. As to the third factor, Telnyx has a reasonable need for the discovery at this stage because the information sought is necessary to identify Defendants, and the information provided to Telnyx already proved to be false. As to the fourth factor, the requested discovery will impose no foreseeable burden on Defendants because the information sought is not in their possession but rather in the possession of the identified exchanges.

Courts in this district have previously granted requests like Telnyx's where the discovery sought from third parties was narrow, aimed at identifying unknown defendants, and requested at the outset of a lawsuit—even if no preliminary injunction was pending. *See, e.g., Bicycle Peddler, LLC v. Does 1-12*, 295 F.R.D. 274, 277 (N.D. Ill. 2013) (granting request to seek discovery from third party to identify unknown defendants); *Ibarra v. City of Chicago*, 816 F. Supp. 2d 541, 555 (N.D. Ill. 2011) (granting request to seek discovery to identify unknown defendants); *Osiris Ent., LLC v. Does 1-38*, No. 13 C 4901, 2013 WL 4478908, at *4 (N.D. Ill. Aug. 20, 2013) (granting plaintiff's request to subpoena internet service providers for information to determine John Doe "defendants' true identities" but prohibiting publication of those identifies without further leave of court); *see also Aon PLC v. Infiniti Equity Inc.,* No. 1:19-cv-07504, Dkt. 67 (Feb. 25, 2020) (Harjani, J.) (ordering expedited discovery).

## CONCLUSION

For the foregoing reasons, Telnyx respectfully requests that the Court grant its motion and permit Telnyx to conduct limited discovery into the identity of the individuals associated with the aforementioned wallets with (i) Kraken, (ii) Cash App, (iii) Shakepay, and (iv) Coinbase.

By: /s/ Jonathan R. Buck

Jonathan R. Buck
JBuck@perkinscoie.com
Spencer Gottlieb
SGottlieb@perkinscoie.com
PERKINS COIE LLP
110 North Wacker Drive, Suite 3400
Chicago, Illinois 60606-1511
Telephone: +1.312.324.8400

David W. T. Daniels (pro hac forthcoming)
DDaniels@perkinscoie.com
PERKINS COIE LLP
700 Thirteenth Street, N.W., Suite 800
Washington, D.C. 20005-3960
Telephone: +1.202.654.6200


Dated: February 26, 2025